## (December 27, 1966)

■ In the Matter of the Claim of JOSEPH GRAZIOLO, Respondent, v. UNITED STATES FREIGHT CUSTOM CARTAGE COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board. The claimant was employed by the assured as a tractor-trailer driver, and had been so employed for 18 years, when, on December 26, 1962, he injured his back and left shoulder while picking up a carton weighing about 200 pounds. Surgery for a herniated disc was performed on April 17, 1963. The claimant, who was 55 years of age at the time of the injury, evidently never returned to work. On October 17, 1965, he was found to have a permanent partial disability, and a compensation award was made. The carrier filed a claim for reimbursement from the Special Disability Fund on August 21, 1963, alleging a prior physical impairment as a result of a left nephrectomy performed on March 26, 1958, and prior back injuries in the same employment on October 15, 1956, March 7, 1958 and June 28, 1960. The Workmen's Compensation Board found that the employer had knowledge of a pre-existing permanent physical impairment, but discharged the Special Disability Fund upon its finding that " the disability by reason of the pre-existing back injuries did not result in a materially and substantially greater disability than that which would have resulted from the accident of December 26, 1962 alone." The appellants contend that the medical evidence fails to sustain the findings of the board. It was determined that the employer had knowledge of the pre-existing back injuries. There is no evidence or finding of knowledge on the part of the employer with respect to the kidney condition. The medical testimony, on which the appellants rely, consists solely of testimony in regard to a permanent disability as a result of the removal of the left kidney. To assess liability against the Special Disability Fund, it must be established that the employer had knowledge of the pre-existing permanent disability. (*Matter of Drews* v. *Blue Ribbon Fish Co.*, 23 A D 2d 927.) Substantial evidence exists in the record to the effect that the prior back injuries played no part in the disability, as a result of the December 26, 1962 accident. The findings of the board are sustained by substantial evidence in the record. Decision affirmed, with costs to Special Disability Fund against appellants. Gibson, P. J., Herlihy and Reynolds, JJ., concur with Staley, Jr., J.